### In the Matter of Richard M. BASH, Respondent.

### No. 48S00–0603–DI–89.

Supreme Court of Indiana.

May 27, 2011.

*PUBLISHED ORDER FINDING RESPONDENT IN CONTEMPT OF COURT AND IMPOSING FINE*

The Court suspended Respondent from the practice of law for no less than 180 days without automatic reinstatement beginning March 21, 2008. Respondent filed a petition for reinstatement on December 23, 2008, which is pending before a hearing officer. The Commission filed a "Verified Petition for Rule to Show Cause" on February 3, 2011, asserting Respondent practiced law in this state by representing clients while suspended from the practice of law. The Court issued an order to show cause on March 4, 2011, and Respondent filed a response on April 4, 2011.

The Commission alleges that in May 2009, after two youths broke a window at the home of a friend of Respondent's, Respondent went to the home of one of the youths and gave the mother an "invoice" for $917.72 for the resulting damages, including round trip air fare to Indiana from Arkansas, where Respondent was then living. He gave the mother a business card reading: "Law Office of Richard Bash." Later, Respondent and his friend filed suit as co-plaintiffs against the parents of the youths. The complaints were signed by only Respondent and sought damages of $1,370.32, plus attorney fees. The suits were consolidated, and Respondent and his friend were eventually awarded judgment for $645.00, with each set of parents responsible for half.

Respondent for the most part admits the factual allegations, with the following exceptions and explanations: (1) He says that he resides with his friend, although he was temporarily attending school in Arkansas, and that the youths damaged a sofa belonging to him at the house as well as the window. (2) He does not remember giving his business card to the mother, but if he did so, it was because it contained his phone number and home address, not because he intended to hold himself out as an attorney. (3) He filed and prosecuted the

lawsuits as a co-plaintiff, not as counsel for his friend.

Even if Respondent did not explicitly state that he was acting as his friend's attorney, this was the clear message his actions conveyed. He did not own the property at which the window was broken, he does not deny using a business card indicating he was an attorney, he never made a claim at any point for the alleged damage to his sofa—the only basis he posits for being a co-plaintiff in the suits against the parents, and the complaints requested an award of attorney fees. Based on these facts, we conclude that Respondent held himself out as an attorney and practiced law while suspended in violation and in contempt of this Court's order suspending him from practice.[1]

This Court has inherent and statutory authority to punish contempt of court by fine and imprisonment. *See Matter of Mittower*, 693 N.E.2d 555, 559 (Ind.1998). In determining an appropriate punishment, the Court considers, among other factors, any continuing risk to the public or profession. *See id.* Respondent's violations of the suspension order do not appear to be ongoing misconduct. Under the circumstances, the Court concludes that a fine of $500.00 is sufficient discipline for Respondent's contempt of court by practicing law while suspended. The Court will, however, take this incident into consideration if Respondent pursues his petition to be reinstated to the practice of law.

The Court therefore ORDERS that Respondent **be fined the sum of $500.00.** Respondent shall remit this amount within 60 days of the date of this order to the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys. The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.

1. The Commission also alleges that Respondent maintained a website after his suspension that improperly suggested that he was still a practicing attorney. Respondent has since revised his website to clarify that he is no longer practicing law. We decline to make a finding of contempt based on Respondent's now-corrected website statements.